**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2691-19

KENNETH REID,

    Plaintiff-Appellant,

v.

CITY OF PLAINFIELD,
ADRIAN MAPP, and
CARL RILEY,

    Defendants-Respondents.

_____

Submitted March 1, 2021 – Decided September 14, 2021

Before Judges Messano, Hoffman, and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3967-17.

O'Connor, Parsons, Lane & Noble, LLC, attorneys for appellant (Gregory B. Noble and Robert A. Ballard, III, of counsel; Meredith Mona, on the briefs).

Rainone Coughlin Minchello, LLC, attorneys for respondents City of Plainfield and Adrian Mapp (John F. Gillick, of counsel and on the brief).

Antonelli Kantor, PC, attorneys for respondent Carl Riley (Jarrid H. Kantor and Yulieika Tamayo, on the brief).

PER CURIAM

Plaintiff Kenneth Reid appeals the January 24, 2020 summary judgment orders of the Law Division that dismissed his second amended complaint (complaint) with prejudice. His complaint alleged violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, against defendants, the City of Plainfield (City), Adrian O. Mapp, the Mayor of Plainfield, and Carl Riley (Riley), the Police Director of Plainfield. We reverse these orders and remand for further proceedings.

I.

Plaintiff was employed by the City of Plainfield Police Department (Department) as a lieutenant. On December 2, 2015, the Department received a call about a motor vehicle accident involving an intoxicated driver. The officers who responded to the scene noted the driver was not conscious or able to communicate. Suspecting the driver was intoxicated, they requested a blood draw search warrant, but the Assistant Prosecutor would not approve this without properly identifying the driver. The officers later misrepresented they had obtained the driver's identity, and a search warrant was issued.

2

A-2691-19

One of the officers became uncomfortable with what occurred and advised plaintiff. Plaintiff never notified the Union County Prosecutor's Office about what occurred, although he said he would. The Prosecutor's Office became aware of the issue and investigated it. It did not authorize criminal charges, but because plaintiff had not notified the Prosecutor's Office, it recommended administrative discipline against him for the failure to supervise, and against the other officers for their involvement.

The Department commenced an internal investigation. Approximately a week later, plaintiff was admitted to the hospital having suffered a minor stroke. While he was hospitalized, Riley and another officer visited. Plaintiff testified Riley and the other officer asked him how old he was and when he was considering retirement. He testified Riley referenced the potential disciplinary charges and told him these charges could "go away" if he retired. Plaintiff interpreted these statements as a threat.

On February 24, 2016, plaintiff received a preliminary notice of disciplinary charges pending a final hearing. The charges included negligence in his duties as a watch commander, failure to take appropriate action of illegal activity, failure to provide proper training, wasting public resources, failure to report perjury, failure to report to the Police Director, providing misleading

A-2691-19

information to the Prosecutor's Office, and failure to notify them of perjury. He was charged with conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6), and "other sufficient cause" for failing to properly supervise, N.J.A.C. 4A:2-2.3(a)(12).

Plaintiff and the City, including the Department, entered into a Stipulation of Settlement (Stipulation) on April 29, 2016, that settled the disciplinary charges. Plaintiff was represented by counsel. Under the Stipulation, plaintiff retired from the Department and agreed to withdraw his request for a hearing of the disciplinary charges. He acknowledged he "did not engage in the proper supervision of subordinates," and he did not advise the Prosecutor's Office or others about the "conduct of subordinate officers under [his] command." He acknowledged the "[d]isciplinary [c]harges were not racially motivated." The Stipulation provided the Department withdraw all pending disciplinary issues against plaintiff. He retired in "good standing."

The Stipulation included "Release" and "Knowing and Voluntary Waiver" provisions. Relevant here, paragraph ten provided:

> Release. As inducement for the City to enter into this Agreement, Employee hereby withdraws his request for a hearing on this disciplinary matter waives (sic). Further he waives his right to appeal pursuant to N.J.S.A. 40A:14-150, and accepts the above-described terms of settlement of this matter, and does remise,

4

release and forever discharge the City and its members of the governing body, including all of its divisions, departments, employees and agents from any and all debts, obligations, suits, actions, causes of action, claims or demands, in law or in equity, which Employee now has, or hereafter can, shall or may have, <u>with respect to the subject matter of this disciplinary action</u>.

Paragraph eleven provided:

<u>Knowing and Voluntary Waiver.</u> Employee acknowledges that in the execution of this Agreement he is effecting a knowing and voluntary waiver of any claims, liabilities or causes of action against the City and any of its members of the governing body, employees, agents, successors and assigns of the Township <u>by reason of the subject matter of this disciplinary action or issue</u>. Employee further acknowledges that he has discussed the terms of this Agreement with his attorney, . . . and that [he] has answered any questions [plaintiff] may have regarding this matter to [plaintiff]'s full satisfaction. [Plaintiff] also hereby agrees and acknowledges that he has been fully, fairly and adequately represented by [his attorney] in this matter.

On November 7, 2017, plaintiff filed a discrimination complaint against defendants. It was amended twice. As amended, Count One alleged age discrimination contrary to the LAD "because [plaintiff] was [fifty-eight] at the time of his forced retirement." Count Two alleged that plaintiff was the victim of "hostile work environment disability and/or perceived disability harassment and discrimination" by defendants because they allegedly harassed and

5

intimidated him during his medical leave. Count Three alleged defendants were liable for "aiding and abetting" discrimination or harassment of plaintiff. Plaintiff sought back pay, front pay, compensatory and punitive damages, attorney's fees and costs.

On December 27, 2019, defendants filed motions for summary judgment predicated on the Stipulation. On January 24, 2020, following oral argument, the trial court granted defendants' summary judgment motions, dismissing plaintiff's complaint with prejudice. In its statement of reasons, the trial court determined "[p]laintiff entered into a valid waiver and release of all claims against [d]efendants, including claims under the LAD." It found plaintiff entered into "a 'knowing and voluntary waiver of any claims, liabilities or causes or action[.]'" Noting that plaintiff was represented by counsel and was aware of pending disciplinary charges, the trial court found plaintiff was allowed to retire in good standing, "[i]n exchange for the dismissal of the pending disciplinary charges." The trial court found,

> [p]laintiff cannot defeat this summary judgment motion by arguing that the language in the Stipulation of Settlement is not clear or unambiguous. The Court finds that there are no genuine issues of material fact regarding the language of the agreement or the intent of the parties in entering into the agreement.

A-2691-19

Plaintiff argues on appeal that the trial court erred in finding the Stipulation was a waiver by plaintiff of all his claims against defendants under the LAD. He contends the judge should have found the Stipulation's language was "unclear and ambiguous" because it did not mention age or disability discrimination. Plaintiff contends the hostile work environment claim is a separate and distinct claim that is not encompassed by the Stipulation, and there are genuine issues of material fact that should have precluded summary judgment.

## II.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

The central issue in this case is whether plaintiff released all claims against defendants by entering into the Stipulation. "The scope of a release is

determined by the intention of the parties as expressed in the terms of the particular instrument, considered in the light of all the facts and circumstances." Bilotto v. Accurate Forming Corp., 39 N.J. 184, 203 (1963). Questions about intent "cannot ordinarily be fairly disposed of on affidavits in a summary judgment application." Id. at 204 (citation omitted).

In interpreting the intent of the parties to a contract, the contract "must be read as a whole, in 'accord with justice and common sense.'" Cumberland Ctny. Improvement Auth. v. GSP Recycling Co., Inc., 358 N.J. Super. 484, 497 (App. Div. 2003) (quoting Krosnowski v. Krosnowski & Garford Trucking, Inc., 22 N.J. 376, 387 (1956)). "A general release, not restricted by its terms to particular claims or demands, ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties." Bilotto, 39 N.J. at 204 (citations omitted).

The trial court relied on Swarts v. Sherwin-Williams, Co., 244 N.J. Super. 170 (App. Div. 1990), in reaching its conclusion that plaintiff knowingly and voluntarily waived his claims against defendants. In Swarts, the plaintiff signed a release and covenant not to sue his prior employer to obtain a special severance allowance as part of his retirement. 244 N.J. Super. at 172. We affirmed the

trial court's dismissal of the plaintiff's complaint by adopting a "totality of the circumstances approach for determining the validity of such waivers." Ibid.

The waiver the plaintiff signed in Swarts provided it was in "full satisfaction of any and all claims or demands" that he had "arising either directly or indirectly out of [his] present or past employment relationship." Id. at 175. He then sued his former employer alleging age discrimination under the LAD. In an affidavit, the plaintiff alleged there was a genuine issue of material fact about whether he intended to waive the age discrimination claim even though it apparently was not disputed he had "full awareness" of these rights based on a letter he sent to the former employer. Id. at 178. We were "satisfied the trial judge correctly concluded plaintiff voluntarily and knowingly waived any age discrimination claim he had." Ibid.

In the present appeal, the trial court dismissed plaintiff's complaint finding the Stipulation was a "valid waiver and release" of all of plaintiff's claims including all LAD claims. The court quoted from the Stipulation that it was a "voluntary waiver of any claims, liabilities or causes of action[.]" However, the actual sentence said that plaintiff released defendants from claims plaintiff "now has, or hereafter can, shall or may have, with respect to the subject matter of this disciplinary action." The waiver paragraph contained the same reference

to "disciplinary action." This was a critical omission by the trial court and distinct from Swarts where the waiver was of claims arising from the "employment relationship." Reference in the Stipulation to the "disciplinary action" might have been intended as a limitation.

The trial court also did not consider whether there were genuine issues of material fact about plaintiff's claims. Plaintiff contended there was an ongoing scheme by defendants to pressure and harass him into retiring. He argued the evidence showed a prima facie case of age and disability discrimination and hostile work environment claim. At the summary judgment stage, the trial court is to view the evidence "in a light most favorable to the non-moving party" to determine if there are genuine issues of material fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The trial court did not undertake this type of analysis. We are constrained to reverse the summary judgment orders and remand. The trial court may consider any other arguments defendants raised when they sought summary judgment which were not addressed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION